UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SHAWN ROBINSON,<br><br>   Plaintiff,<br><br>   v.<br><br>I. LEYVA, et al.,<br><br>   Defendants. | Case No. 1:20-cv-01090-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE<br><br>(ECF No. 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

Leonard Robinson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on August 6, 2020. (ECF No. 1). On September 22, 2020, the Court screened Plaintiff's complaint and found that it did not comply with Federal Rules of Civil Procedure 8(a), 18, and 20. (ECF No. 7). The Court gave Plaintiff thirty days to either "a. File a First Amended Complaint, which the Court will screen in due course; or b. Notify the Court in writing that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to a district judge consistent with this order or screen Plaintiff's first claim and recommend that the rest of Plaintiff's claims be dismissed as unrelated." (Id. at 12).

On December 7, 2020, Plaintiff filed his First Amended Complaint. (ECF No. 11). The

Court has reviewed Plaintiff's First Amended Complaint, and for the reasons described in this order will recommend that this action be dismissed without prejudice.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after Iqbal).

## II.   SUMMARY OF PLAINTIFF'S ORIGINAL COMPLAINT

In Plaintiff's initial complaint, filed on August 6, 2020, Plaintiff sued twenty-nine defendants. The complaint is approximately forty pages.

Plaintiff brought three claims. Plaintiff's first claim appears to revolve around an allegedly biased and prejudiced supervisor, Henry Ortiz, who falsified a Rules Violation Report ("RVR") against Plaintiff in order to terminate Plaintiff's work assignment.

Plaintiff's second claim appears to revolve around his complaints against two dental assistants, who are allegedly biased and prejudiced against black inmates. These two dental assistants continuously fabricate complaints against Plaintiff, his coworkers, and Supervisor D. Patterson. Additionally, the Associate Warden took Plaintiff's gate pass from him without providing him with due process, and would not return Plaintiff's gate pass, even after he received a not guilty decision at the hearing for his RVR. Plaintiff was eventually fired from his job assignment, in retaliation for the complaint he had filed regarding the falsification of documents. Plaintiff also alleges that, after he filed a grievance, two lieutenants agreed to remove the 128G out of his file. However, they did not do so.

Plaintiff's third claim revolves around an allegedly false RVR for not reporting to a family relationship class that a lieutenant assigned Plaintiff to without telling Plaintiff.

## III.   FIRST SCREENING ORDER

The Court analyzed Plaintiff's original complaint as follows:

> As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Id. at 676-77.
>
> A complaint must also comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a):

3

'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.").

Plaintiff's complaint violates Federal Rules of Civil Procedure 18 and 20 because Plaintiff is attempting to bring unrelated claims in this action. While there appears to be some factual overlap between claims two and three, claim two and claim three appear to arise out of separate and unrelated occurrences. Additionally, claim one appears to have little to no factual overlap with claims two and three, and appears to arise out of separate and unrelated occurrences from claims two and three.

Plaintiff's complaint also violates Federal Rule of Civil Procedure 8(a). Plaintiff does not include any factual allegations[1] regarding numerous defendants. Additionally, it is impossible to determine what claim(s) Plaintiff is attempting to bring against each defendant. While Plaintiff listed three separate claims in his complaint, under each claim he includes a paragraph against each defendant that he is bringing the claim against, stating something along the lines of:

> Lt. I. Leyva, is in Breach of Duty, Falsifying Documents P.C. 134, Criminal Conspiracy (people v. Frankfort (1952) 114 Cal. App. 2d 680), Acted in Unethical Conduct, and Failure to Apply the 14th Amend. Equal Protection Clause, not: 'fulfilling his Administrative Responsibilities', by not Investigating the Staff Misconduct Complaint: 'being Directly envolved, with Falsifying and Fabrication of Disciplinary Reports', and Covering Up Staff Misconduct Complaints', caused the Plaintiff, continuous Harassment, Enduring Bully & Scare Tactics, to Incite a

---

[1] Plaintiff does include conclusory allegations and/or recitations of legal standards, but as stated above, this is not sufficient.

4

>    Reaction, out of the Plaintiff, just to ENTRAP the Plaintiff,
>    Obstruction of his Rehabilitation, and Const. Rights, for
>    Retaliatory Means.  These Actions Does Not/Did not Advance
>    any Legitimate Penological Interest, and These Actions was
>    Discharged Under the Color of Authority.

>    (ECF No. 1, p. 21) (errors in original)[.]

>    Based on these paragraphs, it is impossible to tell if Plaintiff is in fact only bringing one claim, or if Plaintiff is asserting multiple claims against each of these defendants.  If Plaintiff is only attempting to bring one claim in each of these paragraphs, it is impossible to determine what that claim is.  If Plaintiff is attempting to assert multiple claims, it is difficult to determine exactly what claims he is attempting to bring.

>    The Court will give Plaintiff an opportunity to cure the deficiencies identified above.  If Plaintiff chooses to file an amended complaint, Plaintiff should pick a claim to proceed on.  He may also proceed on related claims in compliance with Federal Rules of Civil Procedure 18 and 20.  As to his unrelated claims, if Plaintiff wishes to proceed on those claims he should file separate case(s).  For any claim on which Plaintiff chooses to proceed, he must include a short and plain statement of what each defendant did or did not do that violated Plaintiff's constitutional rights.  Additionally, he should plainly list each claim he is bringing against each defendant.  Finally, Plaintiff's amended complaint should be no longer than twenty pages.

>    The Court notes that if Plaintiff chooses to file an amended complaint and includes all of his unrelated claims, and/or if Plaintiff once again violates Rule 8, the Court may recommend that this action be dismissed, without prejudice, for failure to comply with court orders and/or failure to comply with Federal Rule of Civil Procedure 8.

(ECF No. 7, pgs. 3-6) (footnote in original).

The Court also provided Plaintiff with relevant legal standards.  (Id. at 6-11).

**IV.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

In Plaintiff's First Amended Complaint, filed December 7, 2020, which is thirty-three pages, Plaintiff sues twenty-six defendants.  It is not clear how many different claims Plaintiff is attempting to bring.

Plaintiff once again brings claim(s) revolving around his complaints against two white dental assistants, who are allegedly biased and prejudiced against black men and/or inmates. These two dental assistants always hindered Plaintiff from performing his work duties.  They

5

also continuously fabricated complaints against Plaintiff, his coworkers, and Supervisor D. Patterson. Additionally, the Associate Warden took Plaintiff's gate pass from him without providing him with due process and for retaliatory punishment, and would not return Plaintiff's gate pass, even after he received a not guilty decision at the hearing for his RVR. Plaintiff was eventually fired from his job assignment. Plaintiff's wrongful termination was retaliation. Plaintiff also alleges that four staff members conspired to dispose of a complaint that Plaintiff filed in order to cover-up staff misconduct. Plaintiff also alleges that, after he filed a complaint, two lieutenants agreed to remove a 128G Concerns for Safety form from his file. However, they did not do so.

Plaintiff also once again brings claim(s) revolving around an allegedly false RVR for not reporting to a family relationship class that a lieutenant assigned Plaintiff to without telling Plaintiff.

## V.  ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A. Federal Rule of Civil Procedure 8(a)

As set forth above, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019).

Plaintiff's complaint once again violates rule 8(a). As with his last complaint, Plaintiff

does not include any factual allegations regarding numerous defendants.[2]

Moreover, it is once again impossible to determine what claim(s) Plaintiff is attempting to bring against each defendant.  While Plaintiff lists two separate claims in his First Amended Complaint, under each claim he includes a paragraph against each defendant that he is bringing the claim against, stating something along the lines of:

> The Assignment Lt.Bustos is in Breach of Duty,Falsifying Documents(P.C. 134.),Acted in unethical Conduct,Creating the conditions to file a False Disciplinary Report, and failure to Apply the 14th Amend. Due Process & Equal Protection Clause,the Plaintiff was adversely Effected by Lt.Bustos intentional failure to discharge his Administrative Responsibilities,to cover up Falsifying Documents(P.C.134.),Officer/Staff Misconduct, Retaliation on the Plaintiff,Operating under "the Code of Silence"(Eng v. Coughlin(1989)726 F. Supp. 40),and Criminal Conspiracy….

(ECF No. 11, p. 24) (errors in original).

Based on these paragraphs, it is impossible to tell if Plaintiff is in fact only bringing one claim against each of these defendants, or if Plaintiff is asserting multiple claims against each of these defendants.  If Plaintiff is only attempting to bring one claim in each of these paragraphs, it is impossible to determine what that claim is.  If Plaintiff is attempting to assert multiple claims, it is difficult to determine exactly what claims he is attempting to bring.  Additionally, it is not proper to bring numerous claims in this manner.  It is Plaintiff's responsibility to separately identify his claims and the facts that support each claim.  See, e.g., Pinzon v. Jensen, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action.  It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim.").

As Plaintiff's complaint once again violates Rule 8(a), the Court will recommend that this action be dismissed, without prejudice.

\\\

---

[2] Once again Plaintiff does include conclusory allegations and/or recitations of legal standards, but as the Court previously informed Plaintiff, "this is not sufficient" (ECF No. 7, p. 5 n.1).

**B. Federal Rules of Civil Procedure 18 and 20**

A complaint must comply with the requirements of Federal Rules of Civil Procedure 18 and 20. Under these rules, a plaintiff may not proceed on a myriad of unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2). "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." K'napp v. California Dept. of Corrections, 2013 WL 5817765, at *2 (E.D. Cal., Oct. 29, 2013), aff'd sub nom. K'napp v. California Dept. of Corrections & Rehabilitation, 599 Fed. App'x. 791 (9th Cir. 2015) (alteration in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997) ("[T]he 'same transaction' requirement[] refers to similarity in the factual background of a claim.").

"Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party." Washington v. Fresno County Sheriff, 2014 WL 641137, at *2 (E.D. Cal., Feb. 18, 2014); Williams v. Madera Police Dep't, 2012 WL 3068944, at *3 (E.D. Cal., July 26, 2012) (same); Miller v. Kernan, 2017 WL 590259, at *3 (E.D. Cal.,

Feb. 14, 2017) (same); Solomon v. Carrasco, 2012 WL 3744666, at *3 (E.D. Cal., Aug. 28, 2012) (same).

While it appears that Plaintiff dropped one claim (or set of claims), Plaintiff's First Amended Complaint still does not comply with Federal Rules of Civil Procedure 18 and 20.

As the Court informed Plaintiff previously, Plaintiff's first claim (which was the second claim in Plaintiff's original complaint) and Plaintiff's second claim (which was the third claim in Plaintiff's original complaint) "appear to arise out of separate and unrelated occurrences." (ECF No. 7, p. 4).

Both of Plaintiff's claims (or sets of claims) revolve around allegedly false RVRs, but the RVRs were issued by different defendants, and were issued months apart. There appears to be little to no factual overlap between these two claims. Plaintiff does try to connect the claims by alleging a conspiracy, but Plaintiff only includes vague conclusory allegations, which are not sufficient to support a section 1983 conspiracy claim. Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) ("[M]ore than vague conclusory allegations are required to state a [conspiracy] claim.").

As Plaintiff's first claim (or set of claims) arise out of separate and unrelated occurrences from Plaintiff's second claim (or set of claims), they are not properly joined, and Plaintiff has once again failed to comply with Federal Rules of Civil Procedure 18 and 20.

### C. Failure to Comply with a Court Order

Despite being warned that failure to comply with the screening order may result in dismissal of this action (ECF No. 7, pgs. 6 & 12), Plaintiff largely ignored the screening order. As described above, Plaintiff's First Amended Complaint still violates Rules 8(a), 18, and 20. Moreover, while the Court granted Plaintiff leave to amend, the Court ordered that the amended complaint "must be no longer than twenty pages." (ECF No. 7, p. 12). Despite this, Plaintiff's First Amended Complaint is thirty-three pages.

As Plaintiff appears to have largely ignored this Court's order, the Court will also recommend that this case be dismissed, without prejudice, for failure to comply with a court order.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id. Plaintiff's failure to comply with this Court's screening order is interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to comply with a court order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's incarceration and *in forma pauperis* status, it appears that monetary sanctions are of little use. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

**VI.     CONCLUSION, RECOMMENDATIONS, AND ORDER**

The Court recommends that this action be dismissed without prejudice, and without granting Plaintiff further leave to amend.  The Court previously explained to Plaintiff the deficiencies in his complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend his complaint.  However, Plaintiff largely ignored this Court's order.  Thus, it appears that further leave to amend would be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, for failure to comply with a court order and failure to comply with Federal Rule of Civil Procedure 8(a); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: __December 18, 2020__        /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE