UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SHAWN ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>I. LEYVA, *et al.*,<br><br>　　　　Defendants. | No. 1:20-cv-01090-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS § 1983 COMPLAINT<br><br>(Doc. Nos. 11, 13) |

Plaintiff Leonard Robinson, a state prisoner, brought this civil rights action under 42 U.S.C. § 1983 *pro se* and *in forma pauperis* against 26 California state prison officials. (Doc. No. 11 at 1–2.) Plaintiff raises various claims against the named defendants, labeling some of them as "unethical conduct," "intimidation," "criminal conspiracy," "fabricating documents," "breach of duty," as well as alleging violations of his First, Fifth, and Fourteenth Amendment rights. (*Id.* at 4, 7, 14–21.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 22, 2020, the assigned magistrate judge screened plaintiff's complaint, found that it failed to comply with the applicable Federal Rules of Civil Procedure, and granted plaintiff leave to file an amended complaint or a notice that he stood by his original complaint. (Doc. No. 7.) On December 7, 2020, plaintiff filed his first amended complaint ("FAC"). (Doc. No. 11.) Now pending before the court are the magistrate judge's December 18, 2020 findings

and recommendations recommending, following screening, that plaintiff's FAC be dismissed without prejudice. (Doc. No. 11.) In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. The court notes first that when plaintiff's initial complaint was screened, the magistrate judge found that the *lengthy* complaint was in violation of Rule 8(a) of the Federal Rules of Civil Procedure requiring a pleading to contain "a short and plain statement of the claim showing that the pleader was entitled to relief," (Doc. No. 7 at 3), and that plaintiff's "myriad of unrelated claims against different defendants in a single action" was in violation of Rules 18 and 20, (*id.* at 4). Although the magistrate judge screened plaintiff's claims to the extent feasible, the magistrate judge added that it was "impossible to determine what claim(s) Plaintiff [was] attempting to bring against each defendant." (*Id.* at 5–12) (alteration in original). Accordingly, the magistrate judge granted plaintiff leave to amend and provided him instructions regarding how to properly and clearly plead the claims it appeared he was attempting to bring, warning him that his failure to do so "may result in [the] dismissal of this action." (*Id.* at 11–12) (alteration in original). Plaintiff nevertheless filed his FAC in December 2020 *without* following magistrate judge's instructions. (*See* Doc. No. 11.) The magistrate judge screened the FAC and again found that plaintiff violated Rules 8, 18, 20 and recommended that the FAC be dismissed without leave to amend. (Doc. No. 13 at 6–11.) Plaintiff has filed objections to the pending findings and recommendations. (Doc. No. 17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case and finds plaintiff's objections to be unpersuasive. Those objections fail to address the issues analyzed in the pending findings and recommendations. Instead, plaintiff raises additional scattered and difficult to decipher factual allegations in his objections, which only further support the conclusions reached in the pending findings and recommendations. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378–79 (7th Cir. 2003) ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."). The court therefore concludes that the pending findings and recommendations are supported by the record and by proper analysis. *See, e.g.*, *Kienast v. Turner*, 844 F.2d 792 (9th Cir. 1988) (affirming the district court's dismissal of a

case "for failure to comply with the federal rules by filing unintelligible pleadings."); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir.1980) (upholding a Rule 8(a) dismissal for bringing "confusing, distracting, ambiguous, and unintelligible pleadings.").

Accordingly:

1. The findings and recommendations issued on December 18, 2020, (Doc. No. 13), are ADOPTED in full;
2. The first amended complaint (Doc. No. 11) is DISMISSED, without prejudice, for failure to comply with a court order and Federal Rule of Civil Procedure 8(a); and
3. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and close this case.

IT IS SO ORDERED.

Dated:   **March 15, 2021**

UNITED STATES DISTRICT JUDGE

3